UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDALL SAIN and ROBERT JOLLY, ) | Civil Action No.: 4:08-cv-2856-TLW-TER |
| ) | |
| Plaintiffs, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| HSBC MORTGAGE SERVICES, INC., ) | |
| and ROGERS, TOWNSEND & THOMAS, ) | |
| PC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**I.    INTRODUCTION**

Plaintiffs, who are proceeding pro se in this action, have alleged claims arising under the Consumer Credit Protection Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Fair Credit Billing Act. In addition, Plaintiffs assert several state law claims. Presently before the Court is Defendants' Joint Motion to Dismiss (Document # 12). Because Plaintiffs are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Plaintiffs timely responded.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e),DSC. Because Defendants' Motion is dispositive, this Report and Recommendation is entered for review by the District Judge.

## II. FACTUAL ALLEGATIONS

This case arises out of a state court foreclosure action filed by Defendant Rogers, Townsend & Thomas (RTT) as counsel for Defendant HSBC on property owned by Plaintiff Jolly.[1]

Plaintiff Sain sent Defendant HSBC a Request for Certified Validation of Alleged Debt, Dispute of Alleged Debt–Notice of Final Payment and Billing Dispute Error Agreement/Contract along with a check on October 26, 2007. Complaint, ¶ 13; Ex. 1 to Complaint. Defendant HSBC cashed the check, thereby, according to Plaintiffs, agreeing to the terms stated in the above document. Complaint, ¶ 14. Nevertheless, Defendants HSBC and Rogers, Townsend & Thomas (RTT) proceeded with the foreclosure action. Complaint, ¶ 15.

The foreclosure action on the property owned by Plaintiff Jolly was filed on February 13, 2008. Plaintiff Sain was not a party to the foreclosure action. The state court heard the matter on May 20, 2008, and issued a judgment in HSBC's favor, filed June 11, 2008, ordering the subject property to be sold via public auction by the Horry County Master-in-Equity. Plaintiff Jolly filed a Motion to Rescind Foreclosure/Judicial Sale on August 28, 2008. Defendants filed a Supplemental Response (Document # 35) on July 13, 2009, indicating that the Motion to Rescind is still pending in state court.

---

[1] It appears that in September 2006, Plaintiff Sain entered into a mortgage loan transaction for $160,000, and that security interest was ultimately assigned to Defendant HSBC. It further appears that Plaintiff Sain subsequently transferred the property securing that loan to Plaintiff Jolly by way of a quitclaim deed and, after Plaintiff Sain defaulted on his loan assigned to Defendant HSBC, HSBC commenced foreclosure proceedings on the property securing the loan in the South Carolina Court of Common Pleas in Horry County. (These background facts are gathered from Defendants' Motion and their Replies and are not set forth in the Complaint. Thus, the Court has not considered them in connection with the Motion to Dismiss. However, they are helpful to understanding the background of this case).

Although the Complaint contains mostly confusing statements regarding Defendants alleged violations of federal law, it appears that all of Plaintiff's Sain's allegations arise out of HSBC's attempt to collect on the loan at issue, and all of Plaintiff Jolly's claims arise out of the state foreclosure action.

Plaintiff Sain filed a Chapter 7 bankruptcy petition on May 19, 2008, seeking discharge of his debts. See Exhibit 1 to Defendants' Motion.[2] On his bankruptcy petition, Plaintiff declared to be true under penalty of perjury that he had no contingent or unliquidated claims. Id.

### III. STANDARD OF REVIEW

A motion to dismiss under Rule 12 tests the sufficiency of the complaint. It does not resolve conflicts of facts. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegation in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

Plaintiffs are pro se litigants, and thus their pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147

---

[2]This Court can take judicial notice of its own records, including the filings in the bankruptcy court. See Anderson v. FDIC, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . . .").

(4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Hughes, 449 U.S. at 9. Even under this less stringent standard, however, the pro se Complaint is still subject to dismissal pursuant to Rule 12. Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. DISCUSSION

Defendants raise numerous bases for dismissal of this action, some which are relevant only to one Defendant or the other: 1) Plaintiff Jolly has not served either Defendant; 2) Plaintiff Sain has not properly served Defendant HSBC; 3) Plaintiff Sain does not have standing to bring this suit because he is in Chapter 7 bankruptcy, and any claims he has belong to the trustee; 4) Plaintiff Sain is judicially estopped from bringing his claims because he failed to disclose the claims on his bankruptcy petition; 5) there is an ongoing, related state action, requiring abstention of this Court, and 6) RTT is immune from suit by a third party with regard to the actions taken in representing its client (HSBC) in the state foreclosure action.

### A. Service by Plaintiff Jolly

Defendants assert that Plaintiff Jolly did not serve the Summons and Complaint, as evidenced by Plaintiff Sain's return address on the envelopes containing the Summons and Complaint. However, Defendants have not cited any case law interpreting Rule 4, Fed.R.Civ.P., to require each Plaintiff to separately serve the Summons and Complaint. The Summones issued in this case list

both Plaintiffs, along with their addresses and telephone numbers, in compliance with Rule 4(a), Fed.R.Civ.P. The fact that one Plaintiff mailed the Summons and Complaint as opposed to both is inconsequential. Thus, dismissal of Plaintiff Jolly's claims on this basis would be improper.

B. Service on Defendant HSBC

Rule 4(h)(1) of the Federal Rules of Civil Procedure states that service of process on a corporate entity such as HSBC may be effected:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing general agent, or any other agent authorized by appointment or law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Federal Rule 4(e)(1), in turn, allows for service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Id. 4(e)(1). The applicable South Carolina procedural rule allows for service of process via mail only when it is sent through "registered or certified mail, return receipt requested and delivery restricted to the addressee." Rule 4(d)(8), SCRCP.

Two copies of the Complaint were mailed to RTT, one addressed to "Rogers, Townsend & Thomas, PC" and the other addressed to "HSBC Mortgage Services, Inc., in care of: Rogers, Townsend & Thomas, Inc." However, RTT is not the registered agent for service of process for HSBC.

Plaintiffs assert that Plaintiff Jolly was directed in the state foreclosure action that all correspondence for HSBC should be served on RTT. However, the fact that RTT has represented

HSBC in other matters does not convert RTT into an agent to accept service of a new summons and complaint in a separate action on HSBC's behalf. See, e.g., United States v. Ziegler Bolt & Parts Co., 111 F.3d 878, 881 (D.C. Cir. 1997) (attorney was not an "agent" authorized to accept service of process on client's behalf either as result of attorney/client relationship or broad powers exercised by attorney in representing client); J&L Parking Corp. v. United States, 834 F. Supp. 99, 102 (S.D.N.Y. 1999) (holding that "an attorney does not become a client's agent for service of process simply because she represented the client in an earlier action"), aff'd, 23 F.3d 397 (2d Cir. 1994). As the Ziegler court explained,

> The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service. Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service. Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.

Ziegler, 111 F.3d at 881 (internal citations omitted). There is no indication in the record that RTT was authorized to accept service on behalf of HSBC. Thus, service has not been made on Defendant HSBC.[3] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104, 108 S.Ct. 404, 409 (1987). Accordingly, this court lacks personal jurisdiction over HSBC and the claims against it should be dismissed.

---

[3] Plaintiffs argue in response that "they must have been served or they wouldn't be answering complaint." First, it is noted that neither HSBC nor RTT have filed an Answer to the Complaint. Instead, they filed the present Motion to Dismiss. Second, it is well settled that a defendants' actual notice of the litigation is insufficient to satisfy service requirements under Rule 4, Fed.R.Civ.P. See Bowman v. Weeks Marine, Inc., 936 F.Supp. 329, 336-37 (D.S.C. 1996) (citing Mid-Continent Wood Prods., Inc. v. Harris, 936 F.2d 297 (7th Cir.1991); Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir.1988)).

C.   Plaintiff Sain's Standing

Defendant RTT seek to dismiss Plaintiff Sain's claims because he does not have standing to prosecute this action. "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir.2001) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). "A court does not have subject matter jurisdiction over an individual who does not have standing." Atlantigas Corp. v Columbia Gas Transmission Corp., No. 05-2180, 2006 WL 3798132, at *3 (4th Cir. Dec. 19, 2006).

A cause of action constitutes an asset of the bankruptcy estate. Taylor v. Swirnow, 80 F.R.D. 79, 82 (D.Md. 1978). "Property of the estate includes all of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition." Miller v. Pacific Shore Funding, 287 B.R. 47, 50 (D.Md. 2002) (citing Tignor v. Parkinson (In re Tignor), 729 F.2d 977, 980-81 (4th Cir.1984)). In Miller, the court noted that even a cause of action of which the debtor is unaware at the time of the filing of the bankruptcy petition is part of the estate. Id.  Thus, it follows that a cause of action becomes a part of the estate whether or not it is disclosed by the debtor.

The Fourth Circuit has held that "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." National American Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999). In Miller, the plaintiffs filed for bankruptcy and obtained a discharge prior to the completion of their civil action. Miller, 287 B.R. at 49. The defendant argued that the plaintiffs lacked standing to prosecute the civil action because it was a part of the bankruptcy estate. Id. at 48-49. The district court agreed:

> [T]he moment the [plaintiffs] filed their bankruptcy petition on January 16, 2001, all their interests in the instant cause of action became property of the bankruptcy estate. Unless the [plaintiffs] can show that the claim was exempt from the estate or abandoned by the trustee, they have no standing to bring or pursue it– only the trustee may do so.

Id. at 50-51 (citing National American Ins. Co., 187 F.3d at 441). The district court held that the plaintiffs had no standing to sue and dismissed the case for lack of subject-matter jurisdiction. Id. at 51-52. The decision of the district court was upheld on appeal: "We . . . affirm the dismissal of the [plaintiffs'] claims for lack of subject matter jurisdiction as a result of their subsequent bankruptcy filing. See Miller v. Pacific Shore Funding, 92 Fed. Appx. 933, 937 (4th Cir. 2004).

In the present case, Plaintiff Sain lacks standing to pursue his claims against Defendant RTT as a result of the filing of his bankruptcy petition. Plaintiff Sain has presented no evidence that the present claim was exempt from the estate or abandoned by the trustee. Therefore, only the trustee in the bankruptcy action had standing to pursue this claim. Accordingly, the claims asserted by Plaintiff Sain should be dismissed for lack of subject-matter jurisdiction.

D. Abstention

Defendant RTT argues that the Court should abstain from exercising jurisdiction over this case pursuant to the doctrine set forth in Colorado River Water Conservation Dist. v. U.S., 424 U.S. 800 (1976). It is a rare set of circumstances where abstention is justified. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). As a threshold matter, the federal and state actions must be parallel. Great American Ins. Co. v. Gross, 468 F.3d 199, 208 (4th Cir.2006). The Fourth Circuit has interpreted that requirement to mean that, in both actions, "the parties involved be almost identical." Id.; New Beckley Min. Corp. v. International Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir.1991). The

parties in this case and the underlying foreclosure action are not identical. RTT was not a party to the foreclosure action.

The balance of considerations in an abstention case is always "heavily weighted in favor of the exercise of jurisdiction." Moses, 460 U.S. at 16. "Only the clearest of justifications will warrant dismissal." Colorado River, 42 U.S. at 819. Accordingly, the court should decline to abstain from exercising jurisdiction in this case.

F.   RTT's Immunity From Suit

Plaintiff Jolly sues RTT for its participation in the state foreclosure action. RTT represented HSBC in that action. RTT argues that it is immune from liability for its representation of HSBC in the foreclosure action.

Generally speaking, "[a]n attorney is immune from liability to third persons arising from the performance of his professional activities as an attorney on behalf of and with the knowledge of his client." Gaar v. North Myrtle Beach Realty Co., Inc., 287 S.C. 525, 528, 339 S.E.2d 887, 889 (Ct. App. 1986). However, the Fourth Circuit has specifically held that, if an attorney falls within the definition of debt collector under the Fair Debt Collection Practices Act, it is not immune from suit. See 15 U.S.C. § 1692a(6)(F)(I); Wilson v. Draper & Goldberg, 443 F.3d 373 (4th Cir.2006) (reversing summary judgment in favor of D & G and finding that D & G could be liable as a "debt collector" under the Fair Debt Collection Practices Act (FDCPA)); Heintz v. Jenkins, 514 U.S. 291, 299 (1995) (finding the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation"). Because Plaintiff has alleged RTT to be a debt collector, dismissal of the FDCPA claim at this stage of the litigation would be improper. Dismissal of the remaining claims against RTT would be proper.

## V. CONCLUSION

For the reasons set forth above, the claims against HSBC should be dismissed pursuant to Rule 12(b)(5) for Plaintiffs' failure to perfect service of process on HSBC. Dismissal is also appropriate as to the claims asserted by Plaintiff Sain because he lacks standing to assert those claims. RTT is immune from liability for Plaintiff Jolly's <u>claims</u> except for his claim under the Fair Debt Collection Practices Act. Therefore, it is recommended that Defendants' Motion to Dismiss (Document # 12) be granted in part. If the district judge accepts this recommendation, the only remaining cause of action will be Plaintiff Jolly's claim against RTT under the FDCPA.

                                         s/Thomas E. Rogers, III
                                         Thomas E. Rogers, III
                                         United States Magistrate Judge

August 3, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the following page.**