```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF SOUTH CAROLINA
              FLORENCE DIVISION
```

| | |
|---|---|
| Randall Sain and Robert Jolly, ) | C/A No.: 4:08-2856-TLW-SVH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| HSBC Mortgage Services, Inc., and ) | |
| Rogers Townsend & Thomas, PC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

I.   Introduction

Plaintiffs Randall Sain ("Sain") and Robert Jolly ("Jolly") originally filed this action alleging claims arising under the Consumer Credit Protection Act, the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Fair Credit Billing Act, together with several state law claims.  By order dated August 28, 2009 [Entry # 40], the Honorable Terry L. Wooten dismissed Sain's claims for lack of standing, and dismissed the claims against HSBC Mortgage Services, Inc. ("HSBC"), pursuant to Rule 12(b)(5) for plaintiffs' failure to perfect service of process on it.  The order likewise dismissed all of Jolly's claims against defendant Rogers Townsend & Thomas, PC ("RTT") except for his claim under the Fair Debt Collection Practices Act (hereinafter "FDCPA").  The court issued a scheduling order governing the remainder of the case, and after a period of discovery, all pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC.

This matter comes before the court on the following motions: (1) RTT's Motion to Compel Discovery filed 3/3/10 [Entry #50]; (2) Jolly's Motion to Compel and for Hearing filed 5/4/10 [Entry #59]; (3) RTT's Motion to Be Relieved of the Requirements of the Court's Standing Order to Conduct Mediation re ADR Statement/Certification filed 5/11/10 [Entry #67]; (4) RTT's Motion for Summary Judgment filed 5/12/10 [Entry #68]; and (5) Jolly's Motion for Summary Judgment filed 5/14/10 [Entry #71].

Because the motions for summary judgment are dispositive, this Report and Recommendation is entered for review by the District Judge. As Jolly is proceeding *pro se*, he was advised pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the motion could result in the motion being granted, thereby ending the case. Jolly timely responded.

II.     Factual and Procedural Background

This case arises out of a state court foreclosure action filed by RTT as counsel for HSBC on property owned by Jolly. In September 2006, Sain entered into a mortgage loan transaction for $160,000, which security interest was ultimately assigned to HSBC. Sain subsequently transferred the property securing that loan to Jolly by way of a quitclaim deed.[1]

---

[1] Jolly was held in criminal contempt of court for activities similar to those engaged in with Sain here. See Judge Baxley's Order for Temporary Injunction and Criminal Contempt, C/A/ No.: 09-CP-23-3379 (attached as exhibit 68-1 to Attorney Robert P. Wood's Affidavit in Support of Summary Judgment). Judge Baxley found that Jolly obtained quitclaim deeds from distressed property holders by representing to them that foreclosure would be averted by deeding the property to Jolly and making payments to him rather than the mortgagees/noteholders. After Jolly failed to pay the mortgages,

After Sain defaulted on his loan assigned to HSBC, HSBC commenced foreclosure proceedings on the property securing the loan in the South Carolina Court of Common Pleas in Horry County. HSBC and RTT proceeded with the foreclosure action on the property owned by Jolly, and ultimately, the property was sold at public auction by the Horry County Master-in-Equity. That court subsequently rejected Jolly's Motion to Rescind Foreclosure/Judicial Sale, and HSBC took title to the property. No appeal was taken from the state foreclosure action, but ten days after the foreclosure sale, plaintiffs filed this action. While the complaint alleges various violations of federal law, the only remaining claim at issue is Jolly's claim against RTT under the FDCPA arising out of the state foreclosure action.

III. Discussion

As a *pro se*, Jolly's pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, however, the *pro se* complaint is still subject to dismissal pursuant to Fed. R. Civ. P. 12. Liberal construction means only that if the court can reasonably read the

---

the properties were foreclosed upon with no notice to the homeowners. According to the Order, Jolly "has repeatedly filed frivolous answers and other documents manifestly devoid of merit in the Foreclosure Actions in an effort to impede the orderly progress and disposition of those cases. Defendant Jolly's conduct necessitated the withdrawal of orders of reference to the Master-in-Equity and the return of Foreclosure Actions to the Circuit Court in over forty-five (45) cases."

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

  A. Jolly's Motion to Compel and for Hearing [Entry #59]

Jolly's Motion to Compel and for Hearing relates to two interrogatories seeking all cases RTT "has filed in South Carolina for clients before clients has received court stamps of assignments of notes on mortgages for past five years," including names and addresses, as well as a request for production for the "front page of foreclosure complaints with court stamp and all assignments of notes with dates after original complaint filings for last five years." RTT objected to the interrogatories and request to produce on the grounds of immunity and because they were not calculated to lead to the discovery of admissible evidence.

The court finds that the objections were well-founded. The only claim at issue is one for RTT's alleged violation of the FDCPA; because Jolly does not allege that RTT violated the FDCPA by filing cases in South Carolina for clients before clients received court stamps of assignments of notes on mortgages, such information is not relevant to helping Jolly prove his case or otherwise supporting a claim under the FDCPA. Therefore, Jolly's motion to compel is denied.

B.  RTT's Motion for Summary Judgment [Entry #68]

1.  Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Although the court must construe the facts in a light most favorable to the non-moving party, an inference is only reasonable if it is plausible and the evidence is such that a reasonable jury, given the entire record, could draw that inference. Id.

2.  Jolly is Not a "Consumer" Under the FDCPA

Congress enacted the FDCPA to combat "abusive, deceptive and unfair debt collection practices." 15 U.S.C. § 1692(a). The express purpose of the statute is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and

to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). "Because the FDCPA ... is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) (citations omitted).

Although many of the allegations and statements contained in Jolly's complaint and filings are rambling and indecipherable, a liberal reading appears to indicate that Jolly is alleging that in foreclosing on the property on behalf of the Note and Mortgage Holder HBSC, that RTT somehow violated the debt validation provisions contained in § 1692g of the FDCPA. Section 1692g(a) requires a debt collector to provide a written validation notice to a consumer. 15 U.S.C. § 1692g(a). This notice must include: the amount of the debt; the name of the creditor; a statement that the debt's validity will be assumed unless the consumer disputes the debt within thirty days of receiving the validation notice; and a statement that the consumer, within thirty days after receiving the notice, may request that the debt collector provide verification of the debt and the name and address of the original creditor. *Id.* If the consumer requests the debt collector to verify the debt or to provide the name and address of the original creditor, § 1692g(b) requires the debt collector to cease collection of the debt until the requested information is mailed to the consumer. *Id.* § 1692g(b). This section of the FDCPA confers on consumers the power to demand the cessation of all collection activities pending the verification of the debt.

Absent clarification from Jolly that he is proceeding under a different provision of the

FDCPA, the court finds that RTT's efforts on behalf of HSBC were not to collect money from a consumer, but to enforce an interest in real property. *Cf. Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373 (4th Cir. 2006). The FDCPA's purpose is to protect consumers from debt collectors attempting to collect funds, not attempts to foreclose interests in property. RTT's petition requested a foreclosure of the real property, but did not request a personal judgment against Jolly or Sain. The summary judgment record with respect to Jolly's claim is uncontested. Jolly is not a "consumer" within the meaning of the FDCPA.

Section 1692g(b) of the FDCPA requires a debt collector to send verification of a debt if a "consumer" disputes the debt in writing within thirty days after receiving a notice of the debt. The FDCPA defines a consumer as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). It is uncontroverted that Jolly never signed any of the closing or loan documents associated with the Sain Note and Mortgage. Sain was the only individual legally obligated under the Note and Mortgage. Jolly's obligations arose out of the contract for deed he signed with Sain. According to the undisputed record, the extent of RTT's communications with Jolly was by attorney Robert P. Wood. His uncontroverted affidavit provides that RTT never considered Jolly to be an obligor on the Sain Note and Mortgage. Neither does Jolly claim to be an obligor on the Sain Note and Mortgage. Accordingly, the court concludes that Jolly is not a "consumer" within the meaning of the FDCPA and his claims against RTT should be dismissed. It is, therefore, recommended that RTT's motion for summary judgment be granted.

In his Motion for Summary Judgment, Jolly contends that RTT's responses to its request for production concerning RTT's filing of foreclosure actions would confirm his case against RTT for, *inter alia*, fraud, extortion, civil racketeering, conspiracy—all claims previously dismissed. Having determined that Jolly is not a consumer within the meaning of the FDCPA on the sole remaining claim in this matter, it is recommended that Jolly's Motion for Summary Judgment be denied as moot.

In light of the recommendation that RTT's motion for summary judgment be granted, the court deems moot RTT's Motion to Compel Discovery [Entry #50] and Motion to Be Relieved of the Mediation Requirement [Entry #67].

IV. Conclusion

For the foregoing reasons, it is recommended that RTT's Motion for Summary Judgment [Entry #68] be granted and Jolly's Motion for Summary Judgment [Entry #71] be denied. If the district judge accepts this recommendation, the remaining motions will be rendered moot.

IT IS SO RECOMMENDED.

June 10, 2010  
Florence, South Carolina

Shiva V. Hodges  
United States Magistrate Judge